UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>            Plaintiff,<br><br>vs.<br><br>GUOSHENG QI and GRIDSUM HOLDING INC.,<br><br>            Defendants, and<br><br>HUIJIE HE,<br><br>            Relief Defendant. | Case No. 1:23-cv-7924 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-3-24

**[PROPOSED] FINAL JUDGMENT BY DEFAULT AS TO DEFENDANTS GUOSHENG QI AND GRIDSUM HOLDING INC. AND RELIEF DEFENDANT HUIJIE HE**

WHEREAS, the Court has reviewed the motion by Plaintiff Securities and Exchange Commission ("SEC" or "Commission") for a default judgment against Defendants Guosheng Qi ("Qi") and Gridsum Holding Inc. ("Gridsum") (collectively "Defendants"), and Relief Defendant Huijie He ("He")—including the Commission's Memorandum of Law in Support of its Motion for Default Judgment Against Qi, Gridsum, and He, the Declaration of Shipra Wells, and the exhibits thereto, and the Declaration of Donald S. Hong; the Clerk of the Court having entered a Certificate of Default as to Qi, Gridsum, and He; and Qi, Gridsum, and He having failed to oppose the Commission's motion for a default judgment;

NOW, THEREFORE, for good cause shown:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that the Commission's motion for a

default judgment against Defendants Gridsum and Qi and Relief Defendant He is GRANTED for the reasons set forth in the Commission's moving papers.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Gridsum and Qi are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(1)-(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1)-(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by Default by personal service or otherwise: (a) Defendant Gridsum's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gridsum, Defendant Qi, Relief Defendant He, or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

Gridsum and Qi are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by Default by personal service or otherwise: (a) Defendant Gridsum's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gridsum, Defendant Qi, Relief Defendant He, or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gridsum is permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-1], by being an issuer of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], that filed reports with the Commission under

Section 13(a) of the Exchange Act and related rules and regulations that: (a) contained untrue statements of material fact; (b) failed to include, in addition to the information required to be stated in such report, such further material information as may be necessary in order to make the required statements, in light of the circumstances under which they were made, not misleading; or (c) failed to disclose any information required to be disclosed therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by Default by personal service or otherwise: (a) Defendant Gridsum's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gridsum, Defendant Qi, Relief Defendant He, or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gridsum is permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)], by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(a) transactions are executed in accordance with management's general or specific authorization;

(b) transactions are recorded as necessary (i) to permit preparation of financial statement in conformity with generally accepted accounting principles or any

other criteria applicable to such statements; and (ii) to maintain accountability for assets;

(c) access to assets is permitted only in accordance with management's general or specific authorization; and

(d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by Default by personal service or otherwise: (a) Defendant Gridsum's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gridsum, Defendant Qi, Relief Defendant He, or with anyone described in (a).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Qi is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], by certifying to the best of his knowledge that one or more of the issuer's periodic reports filed with the Commission contained no untrue statements of material fact or omissions of material fact when Qi knew or recklessly disregarded that the report or reports contained untrue statements of material fact or omissions of material fact.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by Default by personal service or otherwise:

(a) Defendant Gridsum's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gridsum, Defendant Qi, Relief Defendant He, or with anyone described in (a).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Qi is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by making or causing to be made materially false or misleading statements to an accountant in connection with audits and reviews of Gridsum's financial statements or in the preparation or filing of Gridsum's documents or reports required to be filed with the SEC; or omitted to state, or caused another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such statement were made, not misleading, to an accountant in connection with audits and reviews of Gridsum's financial statements or in the preparation or filing of Gridsum's documents or reports required to be filed with the SEC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by Default by personal service or otherwise: (a) Defendant Gridsum's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gridsum, Defendant Qi, Relief Defendant He, or with anyone described in (a).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Qi is permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the

Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-1], by knowingly providing substantial assistance to an issuer of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], that filed reports with the Commission under Section 13(a) of the Exchange Act and related rules and regulations that: (a) contained untrue statements of material fact; (b) failed to include, in addition to the information required to be stated in such report, such further material information as may be necessary in order to make the required statements, in light of the circumstances under which they were made, not misleading; or (c) failed to disclose any information required to be disclosed therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by Default by personal service or otherwise: (a) Defendant Gridsum's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gridsum, Defendant Qi, Relief Defendant He, or with anyone described in (a).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Qi and Relief Defendant He are liable for disgorgement, totaling **$5,244,969**, which represents net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of **$1,852,185.22**, totaling **$7,097,154.22**, which they are jointly and severally liable for.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gridsum

is liable for a civil penalty in the amount of **$576,158** pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Qi is liable for a civil penalty in the amount of **$5,244,969**, which represents the "gross amount of the pecuniary gain" to Qi, pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3).

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Qi is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Gridsum and Qi and Relief Defendant He shall satisfy these obligations by paying these amounts owed to the SEC within 30 days after entry of this Final Judgment.

Defendants Gridsum and Qi and Relief Defendant He may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants Gridsum and Qi and Relief

Defendant He may also pay by certified check, bank cashier's check, or United States postal money order payable to the "Securities and Exchange Commission," which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Gridsum/Qi/He's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants Gridsum and Qi and Relief Defendant He relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants Gridsum and Qi or Relief Defendant He.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendants Gridsum and Qi and Relief Defendant He shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants Gridsum and Qi and Relief Defendant He shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Qi or Relief Defendant He's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants or Relief Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this

action.

### XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment By Default.

Dated: 12/3/24

_____
Hon. Lewis A. Kaplan

11